UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATASHA J. RYAN,

Plaintiff,

v.

STANISLAUS COUNTY SUPERIOR COURT, et al.,

Defendants.

No.  2:26-cv-01263-DAD-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  This is the third action Plaintiff has filed in the last year.[1]  The Court has considered Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) and will grant the motion.  However, upon screening the complaint pursuant to 28 U.S.C. § 1915(e), the Court finds Plaintiff's first amended complaint (FAC) is legally deficient and that leave to amend would be futile.  The Court recommends this action be dismissed.

I.  SCREENING

A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

---

[1]  *See also Ryan v. Fuentes*, 25-cv-00925-DJC-JDP ("*Ryan I*") and *Ryan v. Spiro*, 25-cv-01245-DAD-SCR ("*Ryan II*").  *Ryan I* was dismissed on July 28, 2025, and Findings and Recommendations to dismiss in *Ryan II* are pending.  Both *Ryan II* and this action raise claims related to Plaintiff's time in foster care, over 20 years ago.

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

2

678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

> B.    The Complaint and First Amended Complaint

Plaintiff commenced the action by filing a complaint on March 27, 2026.  The complaint named two Defendants: 1) Stanislaus County Superior Court; and 2) Rob Bonta, Attorney General of California.  ECF No. 1 at 2.  Plaintiff alleged she was bringing an action under 42 U.S.C. § 1983 for violation of the First and Fourteenth Amendments.  *Id.* at 5.  The complaint did not allege any facts, but rather in conclusory manner stated that Defendants actions had violated her rights and requested declaratory and injunctive relief, as well as monetary compensation.  *Id*. at 5-7.

Before the Court could screen the complaint, Plaintiff filed a First Amended Complaint (FAC) on April 14, 2026.  ECF No. 5.  The FAC no longer includes the Superior Court as a defendant, but instead names: 1) California Department of Social Services ("CDSS"); 2) Mildred Spiro, a government employee; 3) Mark and Lisa Steffes, foster parents; and 4) Rob Bonta.[2]  *Id.* at 1-3.  Plaintiff brings her claims under § 1983 and alleges violation of her First, Eighth, and Fourteenth Amendment rights.  *Id*. at 4.

In the attached pages to the form complaint, Plaintiff alleges that Spiro physically abused her when Plaintiff was a child and in her care.  *Id*. at 14.  These allegations occurred in the 1990s.  *Id*.  Plaintiff alleges that Mark and Lisa Steffes threatened the father of Plaintiff's child in 2002.  *Id*. at 13.  As to CDSS, Plaintiff states she has her complete social services file, which spans from 1989 to 2001.  *Id*.  Plaintiff alleges that "in front of a jury trial [she is] ready to fully verbally in detail explain" what the agency failed to do.  *Id*. at 12.  The allegations against Stanislaus Superior Court are unclear—Plaintiff states she "cannot say one good thing about them" and they have no remorse.  *Id*. at 11.  Finally, as to Defendant Bonta, Plaintiff claims he failed to protect Plaintiff and her children.  *Id*.

---

[2] It is unclear if Rob Bonta is an intended party to the FAC.  He is listed in the caption, but not in the "parties" portion of the FAC.

The FAC references other cases Plaintiff has filed, and states she is seeking a judgment of $1.5 million in total for all four lawsuits. *Id*. at 10. She states in the case of *Ryan v. Spiro* ("*Ryan II*"), "I hereby drop all defendants except Mildred Spiro, and CDSS." *Id*. Plaintiff states: "Finally in conclusion, this complaint is regarding all four of my cases, two of which are open." *Id*. at 9. Plaintiff further writes this is her "final attempt to seek justice … for systematic injustices done to me and my children over the past 35 years." *Id*. at 15. She states that if these cases are dismissed, she will petition the Supreme Court. *Id*.

C.      Plaintiff's Prior Lawsuit, *Ryan v. Spiro*, 25-cv-01245-DAD-SCR ("*Ryan II*")

In *Ryan II*, Plaintiff's complaint listed four defendants:1) Mildred Spiro of the Food Coalition; 2) Chelsea Jensen, a foster parent; 3) Robert Ryan, a securities exchange lawyer; and 4) Bonnie Baker, social worker. ECF No. 1 at 2 & 6. Plaintiff alleged that from the age of 4 to age 18 she was a "ward of the state of California" and was in foster care. She alleged that Mildred Spiro was her foster parent from 1989 to 1996, and that Chelsea Jensen was a foster parent in 1999. ECF No. 1 at 4. Plaintiff alleged that she was physically, mentally, and verbally abused by Spiro. *Id.* at 7. Plaintiff claimed that she and Defendant Jensen made an agreement to lie to the social worker about where Plaintiff was living so Jensen could keep money from the state while Plaintiff was living with another individual. *Id.* at 9. Plaintiff claimed that Defendant Baker made "manipulative and false" reports to the judge between 1996 and 1998. *Id.* at 11. Plaintiff alleged that Defendant Ryan is a liar and con artist and does drugs. *Id.* at 12. Plaintiff also alleged she had never even met Defendant Ryan. *Id.*

In *Ryan II*, Plaintiff pled that she was aware she must file the action before she turns age 41, and that she turned 41 in January 2025. *Id*. at 13. The *Ryan II* lawsuit was not filed until April 30, 2025.

In screening the original complaint in *Ryan II*, the Court observed that the complaint failed to comply with Federal Rule of Civil Procedure 8. There was not a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There was no clear statement of the asserted legal claims or causes of action. ECF No. 3 at 3-4. The Court also pointed out that most of the claims appeared to involve incidents between 1996

4

and 2000, and thus the action was likely time-barred. *Id.* at 4.  The Order further stated that if Plaintiff was attempting to assert a claim under § 1983, three of the four Defendants were not state actors.  ECF No. 3 at 5.  Plaintiff was directed that, if she filed an amended complaint, it must address the deficiencies set forth in the screening order.  Plaintiff was told to "clearly identify what claims/causes of action she seeks to bring and set forth the facts supporting each claim." *Id*. at 7.  Further Plaintiff was told that any amended pleading should contain "any facts in support of an argument that her claims are timely or that the statute of limitations can be tolled." *Id*.

The Court allowed Plaintiff two opportunities to amend, and when the Second Amended Complaint did not cure the identified defects, the Court recommended that *Ryan II* be dismissed for failure to state a claim, failure to comply with Rule 8, and as time barred.

D.    Analysis

In this case, Plaintiff has again filed a complaint that fails to comply with Rule 8 and is difficult to follow.  It is again based on alleged actions which occurred over 20 years ago.  Plaintiff states her claims are based on 42 U.S.C. § 1983.  As Plaintiff has been informed in *Ryan II*, the statute of limitations for a § 1983 claim in California is two years.  These § 1983 claims concerning incidents over 20 years ago are time barred.  Because § 1983 contains no specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits. *See Nance v. Ward*, 597 U.S. 159, 174 (2022) ("[A]ll § 1983 suits must be brought within a State's statute of limitations for personal-injury actions.").  In California that period of limitations is two years. *See Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024).

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8.  There is not a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To the extent Plaintiff is bringing § 1983 claims based on being in the foster care system in the late-1990s, those claims are barred by the statute of limitations.  Plaintiff fails to state a claim on which relief can be granted.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court "shall

dismiss" a case at any time, if it determines that the action fails to state a claim on which relief may be granted.

The Court has considered whether Plaintiff should be granted leave to amend.  Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Plaintiff has already filed an original and FAC in this action, and both failed to state a claim.  The Court finds that further leave to amend would be futile.  Plaintiff brought similar claims in *Ryan II*, was allowed two opportunities to amend, did not cure the pleading defects, and now has filed another time-barred action.  The Court recommends denying further leave to amend.  *See City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) ("the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint").

### III.  CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's complaint and this action be dismissed without leave to amend;

2.  The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE